UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHELE R. FREADMAN,
Plaintiff

v. C.A. No. 01-628ML

METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY,
Defendant

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's objection to a Report and Recommendation issued by United States Magistrate Judge David L Martin. Magistrate Judge Martin recommended that Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 be granted. For the reasons set forth below, this Court adopts the Report and Recommendation.

I. Standard of Review

The Court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters to which specific written objections have been made. See Fed. R. Civ. P. 72(b). The Court must make "a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Id. The Court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## II. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's findings that (1) her June 2 request for an accommodation was not sufficiently specific, direct and linked to a disability; (2) her June 26 request for an accommodation was not sufficiently linked to a disability and was not reasonable; (3) she failed to establish a prima facie case with regard to her June 2000 allegation of retaliation; (4) she failed to establish a prima facie case with regard to her June 2000 allegation of disparate treatment; and (5) Defendant's reason for Plaintiff's June 2000 job reassignment was not pretextual.

This Court need not reiterate the facts underlying the motion for summary judgment because they have been painstakingly addressed by the Magistrate Judge.

## III. The June 2 "Request"[1]

The Magistrate Judge found that the June 2 request was not sufficiently specific, direct, and linked to a disability to constitute a request for an accommodation in order to trigger a duty for Defendant to enter into the interactive process. Report and Recommendation at 30. Plaintiff first avers that Defendant did not argue that the June 2 request was not sufficiently linked to a disability. Plaintiff argues that the Magistrate Judge erred by basing his decision on facts and legal theories not propounded by Defendant. Plaintiff contends that the Magistrate Judge should have "only considered the facts and arguments made in [D]efendant's submissions when

---

[1]In order to avoid summary judgment on Plaintiff's reasonable accommodation claims, Plaintiff must produce enough evidence for a reasonable jury to find that (1) she is disabled pursuant to the Americans with Disabilities Act, (2) she was able to perform the essential functions of her job with or without reasonable accommodation, and (3) Defendant, despite knowing of Plaintiff's disability, did not reasonably accommodate it. Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir. 2003). The Magistrate Judge assumed, without deciding, that Plaintiff satisfied the first two elements of her prima facie claim and concentrated on the third element of the analysis. This Court does the same.

considering which theories on which to grant summary judgment." Plaintiff's Revised Memorandum in Support of Her Objection to the Report and Recommendation ("Plaintiff's R&R Objection") at 10.

The short answer to Plaintiff's argument is that Defendant did raise the issue in its papers. In its memorandum in support of the motion for summary judgment, Defendant argued that Plaintiff's June 2 request was "legally deficient as she merely told Smith that she was 'ill.' Clearly, such a vague term is insufficient to begin the interactive process of reasonable accommodation." Defendant's Memorandum in Support of its Motion for Summary Judgment at 16. Defendant adequately raised the legal argument upon which the Magistrate Judge based his finding.

Plaintiff next argues that the Magistrate Judge "assumed" that Plaintiff satisfied her "burden of proving that" Defendant "perceived" Plaintiff as disabled. Plaintiff's R&R Objection at 11. Plaintiff summarily concludes that "this necessarily means that" Smith knew that Plaintiff had a disability as of June 2000, thus the "claim" that there was insufficient linkage between Plaintiff's requests[2] and her disability is "without merit." Plaintiff's R&R Objection at 12. The Magistrate Judge made no such finding and therefore Plaintiff's argument is wholly without merit.

Plaintiff next avers that the Magistrate Judge erred in finding that her June 2 request needed to be more specific with regard to her immediate need for relief. Plaintiff argues that the "essence" of her June 2 request was that she sought to take "time off right away." Plaintiff's R&R Objection at 7. In her deposition, Plaintiff testified that she informed Smith

[2]Plaintiff is not specific; the Court presumes this reference is to both the June 2 and June 26 requests.

that she needed "to take some time off because I'm starting not to feel well, and I told him that some of my symptoms may be returning." Report and Recommendation at 28.

The Americans with Disabilities Act ("ADA") imposes liability on an employer for not making reasonable accommodations to the known limitations of a qualified employee. 42 U.S.C. § 12112(b)(5)(A). The ADA's reasonable accommodation requirement is usually triggered by a request from an employee. Reed v. LePage Bakeries Inc., 244 F.3d 254, 261 (1st Cir. 2001). The request must be sufficiently direct and specific, giving notice of the need for a special accommodation. Id. at 261. Plaintiff must "sufficiently request[] the accommodation in question." Id. at 260.

Here Plaintiff merely informed Smith that she needed to take "some time off." Plaintiff's words did not communicate a request for immediate leave. Plaintiff's articulated request fails to meet the standard of specificity required to trigger an employer's duty to accommodate. Reed, 244 F.3d at 260-61. A request to take "some time off" does not mean, without more, to take time off immediately. If what Plaintiff wanted was to take time off immediately she needed to be direct and specific in making that request known to her employer. Plaintiff failed to communicate her request adequately as a matter of law.

Plaintiff next argues that the Magistrate Judge erred when he found that "it was not reasonable to infer that Smith knew that [Plaintiff] needed an immediate leave and that this was linked to her disability." Plaintiff's R&R Objection at 13. Plaintiff suggests that the "fact" that Smith told her she could take time out of work after June 9, and the "fact" that she was allowed to take time out of work after June 12, "obviously" means that Smith knew that Plaintiff's request was a result of her disability. Id. Plaintiff's argument is a no more than a

conclusory allegation. See generally Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003). Permission to take time out of work, in and of itself, does not "obviously" show that Smith knew that Plaintiff's request was linked to a disability.

Plaintiff also objects to the Magistrate Judge's finding that her "requests"[3] were not sufficiently linked to a disability. Plaintiff argues that the Magistrate Judge refused to consider what Smith knew prior to June 2. Plaintiff avers that in determining whether an employer has the required triggering notice courts examine what information the employer had about the disability before the request. In this section of Plaintiff's memorandum, however, Plaintiff does not point specifically to what information she claims Smith knew prior to June 2 that would link the request to a disability.

Plaintiff's request "must explain how the accommodation requested is linked to some disability." Reed, 244 F.3d at 261. Generally, informing an employer that an employee is "ill" or "not feeling well" without more information, is not sufficient, as a matter of law, to reasonably apprise an employer that those feelings are related to a specific disability rather than some general illness. Brenneman v. MedCentral Health System, 366 F.3d 412, 419 n.4 (6th Cir. 2004), cert. denied, 125 S. Ct. 1300 (2005); see generally Russell v. TG Missouri Corp., 340 F.3d 735, 742 (8th Cir. 2003).

In Russell, plaintiff was diagnosed with bipolar disorder. Id. at 738. In February of 1999, plaintiff took a thirty-day leave of absence under the Family and Medical Leave Act due to stress unrelated to her job. Id. The plaintiff asserted that her supervisor was "well

---

[3]Plaintiff is not specific; the Court takes this reference to mean both the June 2 and June 26 requests. The argument that the June 26 request was not sufficiently linked to a disability will be addressed in section IV of this decision.

aware" of her bipolar disorder. Id. at 741. Approximately six and one-half months after she returned from her leave, plaintiff became upset at work. Id. at 739. Plaintiff alleged that she began experiencing an anxiety attack and stated that she needed to leave work because she was "not feeling well." Id. at 742. In spite of the leave earlier in the year, and in spite of plaintiff's allegation that her supervisor was "well aware" of her bipolar disorder, the court held that it could not be reasonably inferred that the employer failed to accommodate plaintiff's disability given plaintiff's "failure to make any reference to her bipolar disorder or her mental condition . . . ." Id. at 742.

Viewing the facts in the light most favorable to Plaintiff, Smith was aware that Plaintiff had experienced previous medical problems as a result of colitis and that Plaintiff had been granted a medical leave during the previous year. "[T]he employer is not put on notice of a present disability merely because an employee some years in the past has taken medical leave. . . ." Soileau v. Guilford of Maine, Inc., 105 F.3d 12, 17 n.3 (1st Cir. 1997). Here Plaintiff failed to sufficiently link her request for an accommodation to a disability. See Reed, 244 F.3d at 261.

Plaintiff next argues that her request must be put in context of the symptoms she was experiencing at the time. While the Court has no reason to doubt that Plaintiff had the symptoms she describes in her papers, her claim is fatally flawed because she failed to communicate the fact that she was experiencing those symptoms as a result of a disability and that that was the reason she sought to take immediate time off. As a result of Plaintiff's inadequate communication, her request was not sufficiently direct, specific and linked to a disability to provide Defendant with notice of a disability based need. See generally Reed,

244 F.3d 254.

IV. The June 26 "Request"

The Magistrate Judge found that the June 26 request did not explain how the accommodation sought was linked to Plaintiff's disability and also found that the request was unreasonable. Plaintiff again argues that the Magistrate Judge erred because he considered facts and legal arguments not proffered in Defendant's motion for summary judgment. Plaintiff contends that the Magistrate Judge erred because "there is not even a passing reference to [the June 26 request] in either [D]efendant's motion for summary judgment or its reply."

The complaint alleges that "[o]n June 26, 2000, Plaintiff asked . . . Smith for permission to work at home, because she was ill." Complaint ¶ 47. The complaint also avers that Smith informed Plaintiff that she could either "come into the office today or go out on disability" or words to that effect. Id. at ¶ 48. Plaintiff asked Smith if she could wait to return to the office until the next day because she was "very ill." Id. In her memorandum opposing summary judgment Plaintiff identified her "final" request for an accommodation as:

> [o]n the morning of June 26, [Plaintiff] called her secretary to tell her that, because of her condition, she was going to continue to work from home. . . . A short time later, Smith called [Plaintiff] at home. He told her that she either had to come in to work or go out on disability. Yet, this obviously was a reasonable request. . . .

Plaintiff's Revised Memorandum in Support of Her Objection to Defendant's Motion for Summary Judgment ("Plaintiff's SJ Objection") at 31.[4] Although Plaintiff's opposition

[4]Earlier in her memorandum Plaintiff stated that she explained to Smith that she was "still sick and asked if she could come in the following day." Plaintiff's SJ Objection at 6.

memorandum does little to clarify the request, the Magistrate Judge read Plaintiff's papers generously and found that Plaintiff identified her June 26 request "as being that she be allowed to continue to work from home.

" Report and Recommendation at 30. According to Plaintiff, Smith contacted her on June 26 and told her that she "needed to come into work today. . . ." Id. She informed Smith that she was "still sick" and asked if she could come into work the next day. Id. Smith informed her that she could either come into work or go out on "disability." Id.

Defendant responded to Plaintiff's June 26 allegation, albeit in a general manner. In its reply to Plaintiff's opposition to summary judgment, Defendant argued that Plaintiff's requests were vague and unreasonable. This Court has made a de novo review of Plaintiff's argument with regard to whether the June 26 request was adequately linked to a disability. Plaintiff again argues that her request must be placed in context and that the Magistrate Judge refused to consider what Smith knew prior to June 2.[5] As noted above, merely informing an employer that you are "sick," "ill,"or "not feeling well" is not sufficient, as a matter of law, to reasonably apprise an employer that those feelings are related to a specific disability. See generally Brenneman, 366 F.3d 412; Russell, 340 F.3d 735. As also noted above, Plaintiff failed to communicate the fact that she was experiencing her symptoms as a result of a disability and that that was the reason for her request. Plaintiff's arguments fail once again as a result of her inadequate communication.[6]

---

[5]As noted in Section III of this decision, in this part of her memorandum, Plaintiff failed to point specifically to what information she claims Smith knew prior to June 2 that would link the request to a disability.

[6]Plaintiff also argues that the Magistrate Judge erred in concluding that the June 26 request was unreasonable. Because this Court finds that the Plaintiff has not shown that she sufficiently requested the accommodation, the Court need not address Plaintiff's argument. Reed, 244 F.3d at 260.

## V. Disparate Treatment

In order to avoid summary judgment on her disparate treatment claim, Plaintiff must show that (1) she suffers from a disability, (2) that she was nevertheless able to perform the essential functions of her job, either with or without reasonable accommodations, and (3) that Defendant took an adverse employment action against her because of, in whole or in part, her protected disability. Tobin v. Liberty Mutual Insurance Co., 433 F.3d 100, 104 (1st Cir. 2005); Carroll v. Xerox Corp., 294 F.3d 231, 237 (1st Cir. 2002). Plaintiff objects to the Magistrate Judge's finding that she failed to satisfy the third element of her prima facie claim with respect to the June 2000 job reassignment. The Magistrate Judge assumed, without deciding, that Plaintiff met her burden with respect to the first two elements of her prima facie claim and that the job reassignment was an adverse action. The Magistrate Judge concluded that Plaintiff could point to no plausible evidence that the job reassignment was due to her disability.

Plaintiff asserts that Defendant's summary judgment argument on causation was improper because Defendant argued that it was entitled to summary judgment essentially because it had a legitimate business reason for the job reassignment in June of 2000. Plaintiff misconstrues Defendant's argument. It is clear from Defendant's memorandum in support of its motion for summary judgment that Defendant argued that Plaintiff failed to establish a prima facie case by, among other things, failing to establish causation. In addition to its prima facie argument, Defendant averred that it had legitimate business justifications for its actions and Plaintiff had produced no evidence to show that the reasons were pretextual. Plaintiff's argument is without merit.

Plaintiff next argues that she can establish causation by showing that she was treated less favorably than similarly situated employees, particularly a Ms. Jan Kovan. Plaintiff avers that she should be allowed to present "similarly situated" evidence because the Magistrate Judge "raised the issue" in his Report and Recommendation. Plaintiff misconstrues the Report and Recommendation. In his causation analysis with respect to the June 2000 job reassignment, the Magistrate Judge pointed to two excerpts from Plaintiff's deposition to show a "lack of any connection" between the job reassignment and her disability. Report and Recommendation at 40. In one of the excerpts Plaintiff suggested that Cawley's efforts to promote other "healthy" people and not her was evidence of disparate treatment. Id. at 41. The Magistrate Judge quoted the excerpts from Plaintiff's deposition to support his conclusion that Plaintiff's beliefs regarding her disparate treatment amounted to nothing more than "conclusory allegations, improbable inferences, and unsupported speculation." Id. at 43. More important, however, is the fact that Plaintiff did not make this "similarly situated" argument before the Magistrate Judge, and consequently, has waived any such argument before this Court. "[A]n unsuccessful party is not entitled as a right to de novo review by the judge of an argument never seasonably raised before the magistrate." Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

Plaintiff also argues that the Magistrate Judge erred because he placed a "much heavier [causation] burden on [Plaintiff] than is allowed at the prima facie stage." Plaintiff's R&R Objection at 24. Plaintiff cites Marcano-Rivera v. Pueblo International, Inc., 232 F.3d 245 (1st Cir. 2000) for the proposition that Plaintiff may show a prima facie case of

discrimination "by demonstrating that she is a member of a protected group who has been denied an employment opportunity for which she was otherwise qualified. Such a showing gives rise to an inference that the employer discriminated due to the plaintiff's disability . . . ." Id. at 251 (citation omitted). Plaintiff readily admits, however, that the Marcano-Rivera "decision is consistent with the well-accepted principle that the prima facie case requires only a 'small showing.'" Plaintiff's R&R Objection at 25.

The First Circuit recently reiterated the elements of a prima facie case in a disability discrimination matter. Tobin, 433 F.3d at 104. The prima facie analysis noted in Tobin is the same analysis used by the Magistrate Judge. The Magistrate Judge noted that the prima facie case has been described as a small showing that is not onerous and is easily made. Report and Recommendation at 43 (citing Reed, 244 F.3d at 259; Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003)). The Magistrate Judge concluded that the Plaintiff had "failed to make even this minimal showing." Report and Recommendation at 43. This Court finds that the Magistrate Judge applied the correct legal standard and agrees with his ultimate conclusion that Plaintiff failed to meet it.

Plaintiff objects to the Magistrate Judge's finding that she failed to present sufficient evidence which would allow a rational jury to find that Defendant's explanation for the job reassignment was a pretext for discrimination. The Magistrate Judge, however, was not required to address the pretext issue because he found that Plaintiff had not established a prima facie case of disparate treatment. Tobin, 433 F.3d at 105 (if plaintiff is able to establish a prima facie case, burden then shifts to defendant); see also Rivera-Garcia v. Ana G. Mendez Univ. System, 359 F. Supp. 2d 58, 60 (D. Puerto Rico 2005) (noting that "[o]nce

the plaintiff establishes a prima facie case of disability discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection") (internal quotation marks and citation omitted). Consequently, this Court need not address Plaintiff's argument regarding pretext because Plaintiff has failed to establish a prima facie case of disparate treatment.

VI. Retaliation

Plaintiff objects to the Magistrate Judge's finding concerning her June 2000 retaliation claim. In order to establish a prima facie case of retaliation in violation of the ADA, Plaintiff must show (1) protected activity, (2) adverse action, and (3) a causal connection between the employee's conduct and the employer's adverse action. Gu v. Boston Police Department, 312 F.3d 6, 14 (1st Cir. 2002); Gore v. Trustees of Deerfield Academy, 385 F. Supp. 2d 65, 70 (D. Mass.2005). The Magistrate Judge found that Plaintiff's June requests were not sufficiently linked to her disability and therefore the requests did not constitute protected activity. Report and Recommendation at 48. He concluded that as a result, Plaintiff could not prove her prima facie case. Id. The Magistrate Judge however, went further, and found that even if the requests were protected activity, Plaintiff also failed to prove causation and thus, her claim would still fail. Id.

Plaintiff avers that the Magistrate Judge applied the wrong legal standard in determining whether the June 2 and June 26 requests were protected activity. Plaintiff argues that she does not have to show that her requests rose to "actual requests" for accommodations but instead all she need show is that she had a good faith belief that she was entitled to an accommodation. Again, Plaintiff did not raise this argument before the Magistrate Judge.

Consequently, she has waived any such claim before this Court. Paterson-Leitch, 840 F.2d at 990-91.

VII. Other Objections

To the extent the Court has not specifically addressed Plaintiff's remaining arguments the Court has reviewed those arguments and has determined those arguments to be without merit.

VIII. Conclusion

For the reasons set forth, this Court adopts the Magistrate Judge's Report and Recommendation. Defendant's motion for summary judgment is GRANTED.

Mary M. Lisi
Mary M. Lisi
United States District Judge
February 14, 2006